IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LONNIE LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:17-cv-269 |
| | ) | |
| ROBERT D. SNYDER, Acting Secretary of | ) | |
| Veterans Affairs, and STEPHEN BRAY, | ) | |
| | ) | **JURY DEMAND** |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Plaintiff Lonnie Lucas, by and through his attorney Derek J. Siegel of Kuehn, Beasley & Young, P.C. and for his Complaint against Robert D. Snyder, Acting Secretary of Veterans Affairs and Stephen Bray, states as follows:

## PARTIES

1. Plaintiff, Lonnie Lucas is a United States military veteran and federal employee. At all times relevant herein, plaintiff was employed by the United States Department of Veterans Affairs ("VA") who at all times relevant worked at the VA's office in East Saint Louis, Illinois.

2. Defendant, Robert D. Snyder is the Secretary and official head of the VA charged with administration of all laws relating to the employment of officers and employees in and under the jurisdiction of the VA.

3. At some or all times relevant herein, Stephen Bray was plaintiff's supervisor and "Acting Team Leader" at the VA's office in East St. Louis, Illinois.

## FACTS

4. Plaintiff is an African-American, and Stephen Bray is Caucasian.

5. In December 2013, Plaintiff began employment as a Readjustment Therapist Counselor for the VA's office in East St. Louis, Illinois.

6. On or about July 10, 2015, plaintiff learned that Stephen Bray indicated to co-workers that the only reason plaintiff obtained his job was the color of his skin.

7. On or about July 13, 2015, plaintiff learned that Stephen Bray had made other racist remarks about plaintiff.

8. On or about July 16, 2015, plaintiff reported to the VA's Office of Resolution Management ("ORM") that Stephen Bray's racism had created a hostile work environment.

9. On or about July 30, 2015, plaintiff learned that Stephen Bray referred to plaintiff and another African-American co-worker as "N*****s" and made other racist comments about them on at least twelve occasions during the previous eight to nine months.

10. On or about October 15, 2015, the ORM closed its informal counseling on the matter and informed plaintiff of his right to file a formal complaint with the EEOC.

11. On or about October 28, 2015, plaintiff, by and through his attorney, filed a formal EEOC complaint.

12. On or about December 22, 2015, Stephen Bray was removed from his position as Acting Team Leader at the East St. Louis VA effective January 2, 2016.

13. During the time that Stephen Bray was plaintiff's supervisor, Stephen Bray did not include African-American employees in meetings with Caucasian employees that would have benefited all employees and failed to award African-American employees bonuses received by Caucasian employees.

14. Also during this time, plaintiff received medical attention and counseling for stress, irritability, and anxiety.

## COUNT I
### (Racial Discrimination vs. VA)

15. Plaintiff hereby incorporates paragraphs 1-14 as if fully set forth herein.

16. Prior to the institution of this lawsuit, plaintiff filed a charge with the EEOC alleging racial discrimination by the Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled. A Final Agency Decision was issued on January 25, 2017 by the EEOC, which informed plaintiff that he had 90 days to file the instant civil action.

17. Defendant has engaged in unlawful employment practices as follows:

   a. Defendant has subjected plaintiff, to unlawful racial discrimination during his employment in violation of Section 703 (a) of Title VII, 42 U.S.C. §2000e, *et seq.* Racially offensive comments and gestures were directed toward plaintiff by Defendant's agent or employee on a frequent basis.

   b. The unlawful conduct was unwelcome, racial in nature, and directed at plaintiff because of his race. The unlawful conduct was sufficiently severe or persuasive to create a hostile working environment for plaintiff which altered the terms and conditions of his employment.

   c. Defendant knew or should have known of the racial discrimination of plaintiff but failed to take prompt and effective remedial action to end the harassment.

   d. That as a result of his race, Plaintiff did not receive the same resources, support and pay as similarly situated Caucasian co-workers, which made his job performance more difficult.

18. The effect of the practice(s) complained of in paragraph 17 above has been to deprive plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race.

19. The unlawful employment practices complained of in paragraph 17 above were done with malice or reckless indifference to the protected rights of plaintiff.

20. As a direct and proximate result of the unlawful employment practices of Defendant, the plaintiff has suffered injuries and damages as hereinafter set forth:

   a.   He has suffered physical stress and mental anguish in the past and is likely to suffer physical stress and mental anguish in the future;

   b.   He has suffered physical, mental and emotional pain in the past and is likely to suffer such pain in the future;

   c.   He has suffered a loss of income and benefits in the past and is likely to suffer a loss of income and benefits in the future.

WHEREFORE, the plaintiff, Lonnie Lucas, prays for judgment against the defendant, Robert D. Snyder, Acting Secretary of Veterans Affairs, for a fair and just award in excess of Seventy-Five Thousand Dollars ($75,000.00), and for further relief as this Court deems just and proper under the circumstances.

### COUNT II
### (Racial Discrimination vs. Stephen Bray)

21. Plaintiff hereby incorporates paragraphs 1-16 as if fully set forth herein.

22. Defendant has engaged in unlawful employment practices as follows:

   a.   Defendant has subjected plaintiff, to unlawful racial discrimination during his employment in violation of Section 703 (a) of Title VII, 42 U.S.C. §2000e, *et*

*seq.* by directing racially offensive comments and gestures toward plaintiff on a frequent basis.

b.      The unlawful conduct was unwelcome, racial in nature, and directed at plaintiff because of his race. The unlawful conduct was sufficiently severe or pervasive to create a hostile working environment for plaintiff which altered the terms and conditions of his employment.

c.      That as a result of his race, Plaintiff did not receive the same resources, support and pay as similarly situated Caucasian co-workers, which made his job performance more difficult.

23. The effect of the practice(s) complained of in paragraph 22 above has been to deprive plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race.

24. The unlawful employment practices complained of in paragraph 22 above were done with malice or reckless indifference to the protected rights of plaintiff.

25. As a direct and proximate result of the racial discrimination on the part of the defendant, Stephen Bray, the plaintiff has suffered injuries and damages as hereinafter set forth:

a.      He has suffered physical stress and mental anguish in the past and is likely to suffer physical stress and mental anguish in the future;

b.      He has suffered physical, mental and emotional pain in the past and is likely to suffer such pain in the future;

c.      He has suffered a loss of income and benefits in the past and is likely to suffer a loss of income and benefits in the future.

WHEREFORE, the plaintiff, Lonnie Lucas, prays for judgment against the defendant, Stephen Bray, for a fair and just award in excess of Seventy-Five Thousand Dollars ($75,000.00), and for further relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,

/s/ *Derek J. Siegel*
Derek J. Siegel #6307618
Attorney for Plaintiff
Kuehn, Beasley & Young, P.C.
23 South First Street
Belleville, IL 62220
Phone: 618.277.7260
Fax: 618.277.7718
dereksiegel@kuehnlawfirm.com